UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RENATA FOREMAN (#33270-034)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **23-256-JWD-RLB** |
| **JOSH WILBURN, ET AL.** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 9, 2023.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RENATA FOREMAN (#33270-034)**                                         **CIVIL ACTION**

**VERSUS**

                                                                                                **23-256-JWD-RLB**

**JOSH WILBURN, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate confined at the Federal Correctional Institute, Aliceville, Alabama, filed this proceeding pursuant to 42 U.S.C. § 1983 against John Wilburn, Thomas Gohkey, Stephanie Hanson, Michael Greer, Chief Judge Shelly D. Dick, Hon. Judge Janis Vanmeerveld, and an unknown agent of the United States Marshals Service complaining that her constitutional rights have been violated in connection with a criminal proceeding and a recent disciplinary sentence. Plaintiff requests to be released from the Federal Bureau of Prisons and monetary damages in the amount of ten million dollars.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the

violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In her Complaint, Plaintiff alleges in a conclusory fashion that the defendants violated her constitutional rights in connection with a criminal proceeding and a recent disciplinary sentence. The plaintiff seeks to be released and to be compensated in the amount of ten million dollars. As explained below, Plaintiff's allegations fail to state a claim upon which relief may be granted.

First, Plaintiff's claims call into question the validity of her confinement; therefore, this claim is subject to dismissal. Habeas corpus is the appropriate cause of action to challenge the fact or duration of confinement, not *Bivens* or § 1983 . *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, a federal prisoner may only collaterally attack her conviction under §§ 2241 or 2255. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

Further, Plaintiff's claim for monetary damages associated with her continued confinement is barred pursuant to the rule stated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck,* a prisoner's claim for monetary damages attributable to an alleged wrongful

conviction or term of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated," either by state officials or through federal habeas corpus. *Id.* Were this Court to determine that Plaintiff is entitled to monetary damages, this would necessarily imply that Plaintiff's term of confinement was invalid. Since Plaintiff has failed to allege or show that her term of confinement has been invalidated or called into question in a separate proceeding, Plaintiff's claim for monetary damages falls squarely within the holding of *Heck v. Humphrey* and must be dismissed.

Finally, with regards to the plaintiff's complaint regarding her disciplinary proceeding, an inmate does not have a constitutional right to have her prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved. *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

This conclusion is equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7

n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court noted that, in some rare situations, an inmate may be entitled to procedural Due Process when state action exceeds the sentence in such an unexpected way as to give rise to protection by the Due Process Clause of its own force. Normally, however, the Due Process Clause, itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). It is only those restrictions that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests. *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

Thus, while *Sandin* made it clear that punishments that impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" will give rise to the protection afforded by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. *Sandin,* 515 U.S. at 484. In the instant case, Plaintiff was sentenced to three months and nine days in isolated confinement. This punishment does not amount to disciplinary action that infringes upon a constitutionally-protected liberty interest that would invoke the protection of the Due Process Clause of the Fourteenth Amendment.[1] *See Harris v. Smith,* 482 F. App'x, 929 (5th Cir. 2012) (finding change in custody to maximum extended lockdown did not impose an atypical or significant hardship beyond the ordinary

---

[1] Examples of prison hardships that would qualify as atypical and significant include unwanted administration of anti-psychotic drugs, involuntary commitment to a mental hospital, and extension of the prisoner's sentence for his underlying criminal conviction. *Sandin*, 515 U.S. at 484; *see Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (addressing solitary confinement in a "Supermax" facility imposed an atypical and significant hardship to a protected liberty interest based on the existence of extenuating circumstances, including disqualification of an otherwise eligible inmate from parole consideration).

incidents of prison life.) Accordingly, plaintiff's allegations fail to state a claim upon which relief may be granted.

## RECOMMENDATION

It is recommended that the plaintiff's pending Motion to Appoint Counsel (R. Doc. 3) and Motion for Jury Trial (R. Doc. 4) be denied. It is further recommended this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on May 9, 2023.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."